UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**RODNEY WAYNE WIRSHING** and
**ELLEN RUTH WIRSHING**,

Debtors.

Case No. **13-60990-13**

# MEMORANDUM OF DECISION

At Butte in said District this 3rd day of June, 2015.

Pending in this Chapter 13 case is the Trustee's Motion (Document No. 28) to Modify the confirmed Plan to add an inheritance received post-confirmation by Debtor Ellen R. Wirshing ("Ellen"), based on the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") decision *In re Dale*, 505 B.R. 8, 13 (9th Cir. BAP 2014). Debtors filed a response asking for clarification from this Court as to whether a post-petition inheritance becomes property of the estate under *Dale*. The parties filed a Stipulation of Facts, which was approved, and filed simultaneous briefs after a hearing on this matter held on May 7, 2015. The briefs have been submitted and reviewed by the Court, together with the record and applicable law. This matter is ready for decision. Based on the BAP's decision in *Dale*, the Debtors' objection will be overruled and the Chapter 13 Trustee's Motion to Modify Plan to include Ellen's inheritance will be granted by separate Order.

This Court has exclusive jurisdiction of this Chapter 13 bankruptcy under 28 U.S.C. § 1334(a). The Trustee's Motion to Modify Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

1

**FACTS**

The parties entered into a Stipulation of Facts (Doc. 31) providing the following agreed facts:

1. The Debtors, Rodney and Ellen Wirshing, filed their Chapter 13 bankruptcy case on July 17, 2013 (Doc. 1).

2. This court entered an Order Confirming Chapter 13 Plan on October 8, 2013(Doc. 25).

3. Under the terms of the confirmed Chapter 13 Plan, the Debtors are required to pay $232.00 for 2 months, and $241.00 for 34 months. Therefore, total funding under the Plan equals $8,658.00.

4. The amount needed to pay the allowed claims in full equals $25,338.54.

5. The Debtor, Ellen Wirshing, has advised her attorney and the Trustee that her mother passed away in early 2015. The Debtor will be receiving an inheritance.

6. The Debtor anticipates that the amount of her inheritance will be sufficient to pay all claims in full.

**DISCUSSION**

The Chapter 13 Trustee filed his Motion to Modify on March 25, 2015, with an amended Plan attached which provides at page 3, paragraph 7C: "Debtor, Gloria, shall turn over all of her inheritance as an additional payment under this Plan[.]" Doc. 28-1. The Chapter 13 Trustee describes the only issue as whether his amended Plan, which is identical to the confirmed Plan except for the provision requiring turn over of all of the inheritance, satisfies the confirmation requirements of 11 U.S.C. § 1325. The Trustee contends that Debtors have not offered any reason why the requirements of § 1325 are not satisfied by the Trustee's amended Plan.

Debtors admit that Ellen's inheritance likely would be sufficient to pay 100% of allowed

claims, but they argue that her inheritance will be received outside the 180-day time limit of 11 U.S.C. § 541(a)(5), and they ask for clarification about how this Court interprets the interplay between § 541 and 11 U.S.C. § 1306 when an inheritance is received more than 180 days after confirmation. Debtors argue that confirmation of their Plan had a binding effect under 11 U.S.C. § 1327(a), and that their Plan does not provide for turnover of any inheritance.

Section 1327(a) ("Effect of confirmation") provides: "The provision of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." In this district, ordinarily confirmation binds the debtor and each creditor, whether or not the claim has been provided for by the plan, and whether or not such creditor has objected to or has rejected the plan. *In re Quesnell* 18 Mont. B.R. 80, 89 (Bankr. D. Mont. 1999). The binding effect of confirmation gives res judicata effect to those issues that were decided, or could have been decided at the time of confirmation. *See In re Pierce Packing Company*, 13 Mont. B.R. 297, 307-08 (Bankr. D. Mont. 1994).

This Court's first observation is that § 1327(a) does not include the term "trustee" as a person bound by a confirmed plan. "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (internal quotation marks and alterations omitted). Section 1329(a) authorizes a debtor or trustee to request that a plan be modified after confirmation but before the completion of payments under such plan. If Congress intended a chapter 13 trustee to be bound by confirmation under § 1327(a), it could have included "trustee"

3

in that section. It did not, and thus it is presumed that Congress acted intentionally and purposely in excluding "trustee" from § 1327(a).

Section 1329(a) authorizes a trustee to request that a plan be modified after confirmation but before completion of payments. In the instant case payments have not been completed, and therefore § 1329(a) plainly authorizes the Trustee to request that the confirmed Plan be modified. Courts generally avoid construing one provision in a statute so as to suspend or supersede another provision. *Rake v. Wade,* 508 U.S. 464, 471-72 (1993). This Court declines Debtors' request to construe § 1327(a) in a manner which supersedes § 1329(a).

The same rule of statutory construction applies to the 180-day period in § 541(a)(5)(A), which includes as property of the estate any interest in property that the debtor acquires or becomes entitled to acquire within 180 days after the date of the filing of the petition "by bequest, devise, or inheritance." § 541(a)(5)(A). Section 1306(a)(1) provides that property of the estate includes, "in addition to the property specified in section 541 . . . – (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ." Since Congress did not include a 180-day time period in § 1306(a)(1), we presume that Congress acted intentionally in excluding it. *Keene Corp. v. United States*, 508 U.S. at 208. Likewise, we should avoid construing § 541(a)(5) so as to suspend or supersede another, more specific chapter 13 provision, § 1306(a)(1). *See, Rake v. Wade,* 508 U.S. at 471-72.

The Ninth Circuit BAP discussed the interaction between § 541(a)(5) and § 1306(a) in *Dale*, 505 B.R. at 11-12. The BAP agreed with the analysis of the Fourth Circuit in *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013), and concluded that "the bankruptcy court did not err in

determining that an inheritance received by chapter 13 debtors more than 180 days following the petition date but before confirmation of a chapter 13 plan[1] and before the case is closed, dismissed or converted is property of the debtors' bankruptcy estate." *Dale*, 505 B.R. at 13.

The BAP quoted the following from *Carroll v. Logan*:

Congress has harmonized [§§ 541(a)(5) and 1306(a) ] for us. With Section 541, Congress established a general definition for bankruptcy estates. With Section 1306, it then expanded on that definition specifically for purposes of Chapter 13 cases. Thus, "Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case." S.Rep. No. 95–989, at 140–41 (1978), 1978 U.S.C.C.A.N. 5787, 5926–27.

The statutes' plain language manifests Congress's intent to expand the estate for Chapter 13 purposes by capturing the types, or "kind," of property described in Section 541 (such as bequests, devises, and inheritances), but not the 180–day temporal restriction. 11 U.S.C. § 1306(a). This is because "[t]he kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired." *In re Tinney*, 07–42020–JJR13, 2012 WL 2742457, at *2 (Bankr.N.D.Ala. July 9, 2012). And on its face, Section 1306(a) incorporates only the kind of property described in Section 541 into its expanded temporal framework.

*Dale*, 505 B.R. at 11-12, quoting *Carroll v. Logan*, 735 F.3d at 150.

Under the interpretation and conclusion of *Dale*, i.e., that an inheritance received by chapter 13 debtors more than 180 days following the petition date and before the case is closed, dismissed or converted is property of the estate under § 1306(a)(1) notwithstanding § 541(a)(5), "neither statute is rendered superfluous and both are given effect." *Dale*, 505 B.R. at 12, quoting *Carroll v. Logan*, 735 F.3d at 152.

In the Ninth Circuit the authoritative effect of a BAP decision is an open question. *In re Fitness Holdings Intern., Inc.*, 714 F.3d 1141, 1144 n.3 (9th Cir. 2013); *Bank of Maui v. Estate*

---

[1] The clause "before confirmation of a chapter 13 plan" is not in § 1306(a)(1).

5

*Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990); *In re Arnold*, 471 B.R. 578, 588 (Bankr. C.D. Cal. 2012). At the very least, this Court considers decisions of the Ninth Circuit BAP to be persuasive authority. Based on the BAP's decision in *Dale*, as it is consistent with the common canons of statutory interpretation in construing § 1306(a)(1) and § 541(a)(5), this Court concludes that Ellen's post-confirmation inheritance is property of the estate under § 1306(a)(1) with which the Chapter 13 Trustee is authorized to modify the confirmed Plan to increase the amount of payments on claims under § 1329(a).

**IT IS ORDERED** a separate Order shall be entered in conforming with the above overruling the Debtors' objections and granting Chapter 13 Trustee's Motion to Modify Plan (Doc. 28).

BY THE COURT

*/Ralph B Kirscher/*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana